ORDINARY OF THE STATE OF NEW JERSEY v. WHITE,
FITZPATRICK AND CAREY.

In laying the non-payment of a distributive share as a breach of an administrator's bond, it must be shown that such distributee tendered a refunding bond.

In debt on administrator's bond.

Argued at November Term, 1880, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, SCUDDER and KNAPP.

For the demurrant, *P. H. McDermott.*

Contra, *Jos. A. McCreery.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.   This is a suit on an administrator's bond.   The breach assigned is, the non-payment of a distributive share after an order of the Orphans' Court settling the accounts and ordering distribution.   The declaration is demurred to on the ground that the plaintiff fails to show that before bringing his suit, he tendered a refunding bond.   The single question, therefore, is, whether the cause of action is complete in the absence of such tender.

I have failed to see how the affirmative of this proposition can be maintained.   The condition of the bond, upon this subject, is that, with respect to " all the rest and residue of the goods, chattels, and credits which shall be found remaining upon the account of said administration, the same being first examined and allowed of by the judges of the Orphans' Court of the county, or other competent authority," the administrator " shall deliver and pay unto such person or persons respectively, as is, are, or shall by law be entitled to receive the same," &c.   But the one hundred and fiftieth section of the Orphans' Court act declares that every person

to whom such distribution shall be allotted, shall give bond in double the sum, at least, of such distributive share, to the administrator, with condition that if debts of the intestate shall be made to appear, he, the obligor, will pay back his ratable proportion of the same.

By force of this statute as it affects the condition of this bond, it will hardly be contended that when this case comes to trial the plaintiff will be entitled to succeed without proving either that he tendered, before suit brought, this statutory bond, or, at least, that such act was waived by the administrator.    To hold that there could be a recovery in the absence of such proof, would be utterly to abrogate the statutory requirement just adverted to.    This being so, it follows, as I think, as a necessary consequence, that such tender or waiver must appear in the declaration, for every fact that is essential for the plaintiff in making a *prima facie* case, is essential in point of pleading.    How can it be said, as matters now stand, that the administrator is in any default; mere non-payment of the distributive share will not put him in the wrong: in order to do that, it must appear that he refused or neglected to pay after a bond had been offered according to the statute. When we inquire for the duty of the administrator, in this particular, we must not look at his bond alone, but must look at that instrument in its connection with this statute, for by operation of law, this statutory requirement becomes incorporated in this obligation, so that it is the same, in legal effect, as though, on the one hand, the administrator bound himself to pay the distributive share, and, on the other hand, the distributee agreed to give him, at the same time, a refunding bond; and in a suit on an instrument bearing such a legal force, no one will pretend that a cause of action could be shown without out a tender of the bond appearing or some excuse for its omission.    That this was the view of Chief Justice Hornblower is plainly apparent from his remarks in the case of *Ordinary* v. *Smith*, 3 *Green* 92, 99, for he says: "That the administrator having faithfully administered on the estate, and settled his accounts in the Orphans' Court, may fold his arms in security

until the persons claiming to be next of kin have obtained a decree of the proper tribunal, establishing their title, ascertaining the amount due them respectively, *and shall tender to him a refunding bond for the sum 'allotted' to them respectively.*"

With respect to the suggestion that if a bond has not been tendered such fact can be set up by a plea in abatement, the sufficient answer is, that such a course would be entirely irregular. The use of this plea on such an occasion would be utterly abnormal. Such a plea is never appropriate when the plaintiff's case is imperfectly made out in the declaration; for such an imperfection a demurrer affords the only mode of exception. These are first principles of pleading, and it is not necessary to call in authorities to vouch for them. In regard to the cases cited by the counsel of the defendant in his brief, viz., *Cowell* v. *Oxford*, 1 *Halst.* 432, and *Ex'rs of Henry* ads. *Dilley*, 1 *Dutcher* 302, it will be found upon looking into them that they were suits for the non-payment of legacies, and that they were decided on a peculiar expression to be found in the statute regulating that procedure, and they, therefore, are not applicable to the matter now in hand. Those decisions establish a mere matter of practice, and however open their grounds may be to criticism, after this lapse of time they are not to be disturbed, but they have no present bearing.

The demurrer is sustained.